IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ANGELA C. REEVES, )<br>)<br>        **Plaintiff,** )<br>)<br>v. )<br>)<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>        **Defendant.** ) | Civil Action No. 6:12-CV-27 |

## REPORT AND RECOMMENDATION

In this social security case, I recommend that the court dismiss the action because the plaintiff failed to file this action seeking a review of the denial of benefits within the time required under 42 U.S.C. § 405(g).

Plaintiff Angela C. Reeves ("Reeves") filed this action challenging the final decision of the Commissioner determining that she was not disabled and therefore not eligible for supplemental security income ("SSI"), and disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1383f. In response, the Commissioner moved to dismiss the action on the ground that Reeves's request for court review was not timely filed. Dkt. No. 17. This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), an individual must file a civil action within sixty days of the mailing of a notice of the Appeal's Council's decision. The Social Security Administration has promulgated regulations extending that time period to sixty days after the individual receives the

notice of the Appeal's Council's decision. 20 C.F.R. § 422.210(c). The date of receipt of notice is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. Id.

The statute of limitations is not jurisdictional and is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467, 478–80, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). The Fourth Circuit has held that "tolling of the period of limitations will rarely be appropriate." Hyatt v. Heckler, 807 F.2d 376, 377(4th Cir. 1986). Any decision to extend the applicable statute of limitations period is generally the prerogative of the Commissioner, and it is the rare case where the equities in favor of tolling are "so great that deference to the agency's judgment is inappropriate." Mathews v. Eldridge, 424 U.S. 319, 330, 96 S. Ct. 893, 47 L.E.2d 18 (1976).

Generally, equitable tolling will apply only where a plaintiff has actively pursued her judicial remedies by filing a defective pleading during the statutory period, or was tricked into allowing the sixty-day deadline to pass by some agency misconduct. Irwin v. Veterans Admin., 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990). Equitable tolling does not extend to "a garden variety claim of excusable neglect." Id. It is the plaintiff's burden to establish exceptional circumstances to warrant equitable tolling. Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL283205, at *2 (W.D. Va. Feb. 7, 2005).

## ANALYSIS

The Appeals Council denied the plaintiff's request for review on March 2, 2012, Dkt. No. 3, Ex. 1, and that decision was mailed to Reeves on that day. Dkt. No. 18, Ex. 1. Reeves did not provide the court with any evidence regarding the date she received the notice or any proof that the Commissioner granted her an extension in which to file this action for review. Thus, under the regulations, a presumption exists that Reeves received notice of the Appeals Council decision

on March 7, 2012, five days after the date of mailing. Reeves has done nothing to rebut this presumption. Reeves's complaint was due sixty days after receipt, or May 7, 2012,[1] but she did not file this action until thirty nine days later, on June 15, 2012. I conclude that Reeves's action was untimely filed in this Court.

Reeves does not contest that her Complaint was filed after the tolling of the statute of limitations. Rather, Reeves asserts that she missed the filing deadline because she underwent surgery in early May 2012, and her mother became ill and died during the same timeframe. Dkt. No. 20. Reeves further asserts that she visited the Roanoke Social Security Office in June 2012, and "explained to them why I needed the additional time they said ok and so file at Federal Court and that's what I did." Dkt. No. 20.

This is not one of those "rare cases" in which the application of equitable tolling is appropriate. See e.g., Brown v. Astrue, No. 3:12cv312, 2013 WL 2182306, at *5 (E.D. Va. May 20, 2013); Thomas v. Astrue, No. 5:12cv00064, 2013 WL 593481 (W.D. Va. Feb. 14, 2013); Parker v. Astrue, No. 5:07cv00037, 2008 WL 2746727 (W.D. Va. July 15, 2008); McMahan v. Barnhart, 377 F. Supp. 2d 534 (W.D. Va. 2005); Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL 283205 (W.D. Va. Feb. 7, 2005). Reeves's assertions do not set forth any of the reasons recognized in Irwin for the application of equitable tolling. See Irwin, 498 U.S. at 96. Reeves's pleadings are not defective, and she has not established in any way that the Commissioner induced or tricked her into not filing a timely appeal. Under these circumstances, I find that Reeves's failure to file in a timely manner has not been equitably tolled. For these reasons, I **RECOMMEND** that the Court enter an Order **GRANTING** the Commissioner's Motion to Dismiss and **DISMISSING** this action from the docket of the Court.

---

[1] The sixtieth day plus the five day mailing period occurred on May 6, 2012, but that was a Sunday, so under Rule 6(a) of the Federal Rules of Civil Procedure, an additional day is allowed.

The clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: April 2, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge