IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ANGELA DAWN REEVES,<br><br>         *Plaintiff*,<br><br>v.<br><br>CAROLYN W. COLVIN[1], COMMISSIONER OF SOCIAL SECURITY,<br>         *Defendant*. | CASE NO. 6:12–cv–00027<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss, the Report & Recommendation of United States Magistrate Judge Robert S. Ballou ("R&R"), and Plaintiff's Objections to the R&R ("Objections"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Robert S. Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to grant Defendant's Motion to Dismiss. Plaintiff, acting *pro se*, timely filed her Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's Objections and adopt Judge Ballou's R&R in full.

**I. BACKGROUND**

Plaintiff Angela Dawn Reeves ("Plaintiff") filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on December 18, 2007 and December 26,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is hereby substituted for Michael J. Astrue as the defendant in this suit.

2007, respectively, under the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433, 1381–1383f. The Commissioner denied Plaintiff's applications initially on February 27, 2008, and upon reconsideration on September 25, 2008. *See* Mot. to Dismiss Ex. 1 ("Def.'s Ex. 1") at 8. Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). On August 23, 2010, after the hearing, the ALJ also denied Plaintiff's applications. *Id.* at 21. Plaintiff timely appealed the ALJ's decision, and the Appeals Council declined to review the ALJ's decision on March 2, 2012. *Id.* at 30.

The Appeals Council mailed a denial notice to Plaintiff on March 2, 2012. Def.'s Ex. 1 at 30. The denial notice advised Plaintiff of her right to file a civil action within sixty days of the date of receipt of the notice and her ability to request that the Appeals Council grant her an extension of the time in which she might file a civil action in the event that she could not file within the sixty-day window. *Id.* at 27. The notice stated that, if Plaintiff requested an extension, the Appeals Council would send Plaintiff a letter telling her "whether [her] request for more time [had] been granted." Pl.'s Ex. 1 at 3. The denial notice also informed Plaintiff that the date of receipt was presumed to be within five days of the date of notice and the sixty days would begin one day after the presumed date of receipt. *Id.*

Plaintiff filed her complaint *pro se* on June 15, 2012, well outside of the sixty-day window in which to commence a civil action. *See* Compl. and Def.'s Ex. 1 at. 3–4. The Commissioner ("Defendant") filed a Motion to Dismiss ("Motion to Dismiss") on April 22, 2013, on the grounds that Plaintiff's complaint was not timely. On May 10, 2013, Plaintiff submitted a response ("Response") arguing that she was unable to file within sixty days due to family and health-related causes and concentration issues. Resp. at 1. ("My mother was sick during this time bedridden and admitted to the hospital again on 5/3/12. She then came home and

died on 5/14/12. In addition to this I underwent surgery to have a cancerous growth removed from my neck on 5/8/12 . . . . In addition to my major depressive disorder I was going through too much emotional distress. I did however with my concentration problems . . . ."). Plaintiff also asserts that she approached the Social Security Administration's Roanoke Office about filing a claim in June 2012 and, after explaining why she was late in filing, "they said ok and go file at Federal Court." *Id.* at 2. She also alleged that she spoke with someone in the Falls Church Social Security Office about getting an extension. *Id.* However, Plaintiff has offered no proof that she was granted an extension, and Defendant is unaware of any request for an extension. Def.'s Ex. 1 at 3.

Judge Ballou issued his R&R on April 2, 2014, recommending that this Court grant Defendant's Motion to Dismiss due to the untimeliness of Plaintiff's claim. Judge Ballou found that Plaintiff offered no proof that she was granted an extension and that there are no grounds for the application of equitable tolling in this case. R&R 3. Plaintiff timely filed her objections to the R&R on April 9, 2014.

I construe Plaintiff's Objections to be that Judge Ballou incorrectly determined that her action was untimely because she received no extension on the filing deadline, and that equitable tolling is unwarranted in this case. *See* Objections at 1. In support of her argument, Plaintiff cites the aforementioned conversations with Social Security offices, seeming to allege that, through those conversations, she was granted an extension. *See* Resp. at 1–2 ("I did however with my concentration problems go to the Roanoke Social Security Office . . . . I explained to them why I needed the additional time they said ok and go file at Federal Court and that's what I did . . . . I do wish to continue with this because even though I was late supposedly I had went through the proper channels to tell them why I was late. In addition to that I spoke with Carolyn at the Falls

Church, VA Office to explain why I needed additional time. I thought everything was ok when I was told to file in Federal court."); Objections at 2 ("I did what the Roanoke office had me to do."). She also alleges that her lawyers abandoned her case and that the Federal Courthouse in Roanoke was closed for some time, preventing her from filing her case in a "more timely" fashion. *See* Objections at 1–2 ("I would have been filed more timely but the Federal Court house in Roanoke was having renovations and I believe was closed for a little while.").

## II. STANDARD OF REVIEW

An individual must file a civil action within sixty days of the mailing of notice of the Appeals Council's decision. 42 U.S.C. § 405(g). Social Security Administration regulations extend the filing deadline to sixty days after the individual's receipt of the notice. *See* 20 C.F.R. § 422.210(c). The regulations presume that the notice is received five days after the date on which the notice was mailed, unless a claimant can make "a reasonable showing to the contrary." *Id.*

The sixty-day filing deadline is a non-jurisdictional statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). However, the statute of limitations must be strictly construed, because "when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). The limitations period is subject to equitable tolling, *see Bowen*, 476 U.S. at 480, but "tolling of the period of limitations will rarely be appropriate." *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986). It is generally the prerogative of the Commissioner to extend the limitations period, and only rarely will the equities so greatly favor tolling that deference to the Commissioner's judgment is inappropriate. *Bowen*, 476 U.S. at 480. The application of equitable tolling "must be guarded and

infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (holding that mistake of counsel is not an "extraordinary circumstance" warranting application of equitable tolling).

There are two general categories of cases in which equitable tolling has been applied: (1) where the plaintiff has actively pursued her judicial remedies within the statutory period by filing a defective pleading, and (2) where agency misconduct tricked or induced the plaintiff into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). A "garden variety claim of excusable neglect" does not trigger application of equitable tolling. *Id.* Rather, the plaintiff must prove exceptional circumstances to warrant equitable tolling. *Gibbs v. Barnhart*, No. 2:04CV00056, 2005 WL 283205, at *2 (W.D. Va. Feb. 7, 2005) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

### III. DISCUSSION

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on March 2, 2012 and mailed notice of the decision to her on the same day. Plaintiff has not alleged that she did not receive the notice. Thus, pursuant to agency regulations, Plaintiff is presumed to have received the notice on March 7, 2012, and she has not challenged this presumption. Plaintiff's complaint was due sixty days after March 7, 2012, for a filing deadline of May 7, 2012.[2] Plaintiff filed on June 15, 2012, well after this deadline lapsed. There is no dispute as to the date by which Plaintiff was required to file her civil action, nor is there any dispute that she filed well after this date.

Rather, I construe Plaintiff's Objections to the R&R to be twofold: first, Plaintiff objects to the finding that the filing of her action was untimely because, she asserts, she was granted an

---

[2] The sixtieth day after the presumed receipt date was actually May 6, 2012, which was a Sunday. Under Rule 6(a) of the Federal Rules of Civil Procedure, plaintiff receives an additional day to file. *See* Fed. R. Civ. P. 6(a).

extension; and second, Plaintiff objects to Judge Ballou's finding that equitable tolling is unwarranted in this case. I will overrule Plaintiff's Objections for the reasons that follow.

Regarding Plaintiff's first objection, as stated above, Plaintiff was required to file her civil action by May 7, 2012, yet she did not file until June 15, 2012. In the absence of an extension granted by the Appeals Council, Plaintiff's action is untimely. Plaintiff seems to allege that the Social Security Offices in Roanoke and Falls Church granted her an extension. However, the Appeals Council's notice to Plaintiff informed her that she must follow certain procedures in order to obtain an extension (such as submitting the request in writing), and that the Appeals Council would send her a letter informing her of whether her request was granted or denied. Having produced no proof of a written request or a letter from the Appeals Council granting her an extension, Plaintiff has failed to prove that she was granted an extension. Therefore, insofar as Plaintiff objects to Judge Ballou's finding that her action was untimely, I overrule Plaintiff's objection and adopt Judge Ballou's finding.

Plaintiff also objects to the R&R on the grounds that Judge Ballou should have applied equitable tolling in her case. However, neither her Response to Defendant's Motion to Dismiss nor her Objections to the R&R establish the "exceptional circumstances" required to apply equitable tolling. *Gibbs*, 2005 WL 283205, at *2. Plaintiff did not file defective pleadings, nor does she allege any agency misconduct. Her assertions that she was told to "go file at Federal Court" cannot be construed as agency trickery. Even if they could, these events transpired in June 2012, well after the filing deadline, belying any notion that her failure to timely file was caused by agency misconduct. Plaintiff's other explanations, including her family and health-related issues and the alleged closure of the Federal Courthouse in Roanoke, are akin to "garden variety claim[s] of excusable neglect," none of which amount to exceptional circumstances.

*Irwin*, 498 U.S. at 96. That her lawyers "abandoned" her case after the decision of the Appeals Council also does not rise to the level of exceptional circumstances. *See Gibbs*, 2005 WL 283205, at *2. Therefore, I agree with Judge Ballou that equitable tolling does not apply in this case and overrule Plaintiff's Objections to the contrary.

### IV. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objects, I find that Plaintiff's action was untimely and that equitable tolling does not apply in this case. Accordingly, I will enter an order overruling Plaintiff's Objections, adopting Judge Ballou's R&R in full, granting the Commissioner's Motion to Dismiss, and dismissing and striking this action from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to Plaintiff at 123 Irene Drive, Vinton, VA 24179, to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  9th  day of June, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE